UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY NOBLES, | ) Case No. EDCV 09-1543-RC |
| Plaintiff, | ) |
| | ) OPINION AND ORDER |
| v. | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff Gregory Nobles filed a complaint on August 19, 2009, seeking review of the Commissioner's decision denying his applications for disability benefits. On February 3, 2010, the Commissioner answered the complaint, and the parties filed a joint stipulation on March 17, 2010.

**BACKGROUND**

On March 19, 2007, plaintiff, who was born on January 3, 1965, applied for disability benefits under both Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability

to work since February 23, 2006, due to a back injury.  A.R. 108-18, 128.  The plaintiff's applications were initially denied on June 6, 2007, and were again denied on August 30, 2007, following reconsideration.  A.R. 54-58, 61-65.  The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge David M. Ganly ("the ALJ") on December 16, 2008.  A.R. 16-49, 67.  On April 14, 2009, the ALJ issued a decision finding plaintiff is not disabled.  A.R. 5-15.  The plaintiff appealed this decision to the Appeals Council, which denied review on June 15, 2009.  A.R. 1-4.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).  The claimant is "disabled" for the purpose of receiving benefits under the Act if he is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  "The claimant bears the burden of establishing a prima facie case of disability."  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

//

1    The Commissioner has promulgated regulations establishing a five-
2 step sequential evaluation process for the ALJ to follow in a
3 disability case.  20 C.F.R. §§ 404.1520, 416.920.  In the **First Step**,
4 the ALJ must determine whether the claimant is currently engaged in
5 substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).
6 If not, in the **Second Step**, the ALJ must determine whether the
7 claimant has a severe impairment or combination of impairments
8 significantly limiting him from performing basic work activities.  20
9 C.F.R. §§ 404.1520(c), 416.920(c).  If so, in the **Third Step**, the ALJ
10 must determine whether the claimant has an impairment or combination
11 of impairments that meets or equals the requirements of the Listing of
12 Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1.  20
13 C.F.R. §§ 404.1520(d), 416.920(d).  If not, in the **Fourth Step**, the
14 ALJ must determine whether the claimant has sufficient residual
15 functional capacity despite the impairment or various limitations to
16 perform his past work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If not,
17 in **Step Five**, the burden shifts to the Commissioner to show the
18 claimant can perform other work that exists in significant numbers in
19 the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).

21    Applying the five-step sequential evaluation process, the ALJ
22 found plaintiff has not engaged in substantial gainful activity since
23 his alleged onset date.[1]  (Step One).  The ALJ then found plaintiff
24 has the severe impairment of "degenerative disc disease of the lumbar
25 spine" (Step Two); however, he does not have an impairment or
26 combination of impairments that meets or equals a listed impairment.

---

[1] The ALJ also found plaintiff meets the insured status requirements under Title II through March 31, 2011.  A.R. 10.

3

(Step Three). The ALJ next determined plaintiff is unable to perform his past relevant work. (Step Four). Finally, the ALJ found plaintiff can perform a significant number of jobs in the national economy; therefore, he is not disabled. (Step Five).

**II**

A claimant's residual functional capacity ("RFC") is what he can still do despite his physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009). Here, the ALJ found plaintiff has the RFC to perform light work "except for occasional postural limitations, use of a cane as needed, and avoiding hazards such as machinery and heights."[2] A.R. 11. However, the plaintiff contends, among other things, that the ALJ erroneously determined plaintiff was not an entirely credible witness. The plaintiff is correct.

On July 19, 2004, plaintiff, who had previously undergone a lumbar discectomy, reinjured himself. A.R. 169, 221, 226. He

---

[2] Under Social Security regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b). "[T]he full range of light work requires standing or walking for up to two-thirds of the workday." Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983 WL 31251, *6.

4

testified at the administrative hearing that he is now unable to work due to back pain that has worsened over time. A.R. 35-36. He stated his back pain radiates down his right leg, and he has numbness in his feet. A.R. 36-37. The plaintiff further testified he wears a back brace and uses a cane to walk, A.R. 37, and he cannot bend and cannot lift anything heavier than a kitchen plate. A.R. 38-39. Additionally, plaintiff stated he cannot stand for more than 10 minutes at a time, or sit for more than 15-20 minutes a time, before having to change positions, and he spends about three hours a day resting due to his condition. A.R. 39-40.

Once a claimant has presented objective evidence that he suffers from an impairment that could cause pain or other nonexertional limitations,[3] the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). Thus, if the ALJ finds the claimant's subjective complaints are not credible, he "'must provide specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007). Furthermore, if there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting the claimant is

---

[3] "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez, 572 F.3d at 591.

Here, the ALJ gave several reasons for finding plaintiff was not totally credible.[4] The ALJ determined plaintiff's complaints of "disabling pain and limitation are not fully credible to the extent alleged[,]" based on his conclusions that plaintiff's "primary interest appears to be disability benefits" since plaintiff is "not interested in surgery although [his] prior 1997 surgery for a prior injury caused improvement[,]" and plaintiff also is "not interested in vocational rehabilitation." A.R. 13. Additionally, the ALJ found plaintiff's "statements are inconsistent with the information provided by the consultative examiner[,]" Dr. Jeff Altman.[5] A.R. 13.

---

[4] Although the Commissioner cites evidence and reasoning the ALJ did not rely upon in making his adverse credibility determination, see Jt. Stip. at 19:17-27, this Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 n.2 (9th Cir. 2008).

[5] Dr. Altman examined plaintiff on May 23, 2007, and opined plaintiff has the following RFC:

> Pushing, pulling, lifting, and carrying will be 50 pounds occasionally and 25 pounds frequently. Walking and standing would be done for six hours in an eight-hour workday. Sitting would be done for six hours in an eight-hour workday. Postural activities would be done on a frequent basis. Agility activities would be on a frequent basis. Assistive device is not medically necessary. Gross and fine manipulative [movements] can be done without restrictions.

A.R. 172.

6

On July 2, 2007, plaintiff's treating orthopedist, Rajiv Puri, M.D., recommended plaintiff have "posterior spinal decompression and fusion at L5-S1 with interbody fusion[,] pedicle screw fixation and iliac bone graft harvesting." A.R. 189. Dr. Puri recommended surgery in light of plaintiff's ongoing back pain, which did not respond to any kind of treatment, including physical therapy, medication, and epidural steroid injection. Id. However, at the administrative hearing, plaintiff testified he does not want to undergo another surgery because he had a difficult time recovering from his previous surgery and he continued to experience pain even before he reinjured himself. A.R. 37-38, 40-42; see also A.R. 170, 221, 286 (detailing history of prior back surgery). Instead, plaintiff stated that he wanted to try nerve block injections recommended by Dr. Puri. A.R. 42. Since plaintiff's "degenerative facet and degenerative disc changes . . . are unpredictable in their response to surgical intervention[,] and [surgery] should be performed as a last resort[,]" A.R. 290,[6] plaintiff's decision to forgo major spinal surgery does not support the ALJ's adverse credibility determination. See, e.g., Nichols v. Califano, 556 F.2d 931, 933 (9th Cir. 1977) ("A claimant under a disability need not submit to all treatment, no matter how painful, dangerous, or uncertain of success, merely because one physician believes that a remedy may be effective. . . . A patient may be acting reasonably in refusing surgery that is painful or

---

[6] On September 18, 2007, John S. Portwood, M.D., an agreed (worker's compensation) medical examiner, found plaintiff to be permanent and stationary, and recommended plaintiff "continue[] medical management and work restrictions to prevent worsening of his back condition over time[,]" because, in part, plaintiff "has no acute changes on CT myelogram or on MRI that would indicate the absolute need for surgical intervention." A.R. 290.

dangerous."); Golphin v. Astrue, 2010 WL 114488, *5 (C.D. Cal.) ("The ALJ's reliance on plaintiff's declination of back surgery was improper. There is no indication in the record that back surgery would have provided plaintiff with 'complete relief.'. . . The ALJ's determination about plaintiff's credibility should not have been based on the fact that plaintiff decided not to undergo an elective procedure that would not guarantee relief.").

Second, the ALJ's finding that plaintiff is not interested in vocational rehabilitation is simply not supported by the record. Vocational expert Troy Scott testified that plaintiff could not get vocational rehabilitation through the worker's compensation program because the California Legislature had eliminated this benefit for workers who were injured in 2004, such as plaintiff. A.R. 44. Furthermore, plaintiff testified he was unaware he could get free vocational rehabilitation from the California Department of Rehabilitation, but stated "[i]f there's a job that will take [him]" with his restrictions, he would do the job. A.R. 43-45.

Finally, the ALJ's finding that plaintiff's "statements are inconsistent with" Dr. Altman's information is conclusory since the ALJ did not cite any specific inconsistencies, Morgan, 169 F.3d at 599; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993), and, in any event, "[i]t is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).

1    For all these reasons, the ALJ's rationale for discounting
2 plaintiff's credibility were not "clear and convincing"; thus, neither
3 the RFC assessment nor "the ALJ's step-five determination, [which] was
4 based on this erroneous RFC assessment[,]" is supported by substantial
5 evidence.  <u>Lingenfelter</u>, 504 F.3d at 1040-41.

### III

This Court has discretion to award disability benefits to a claimant when there is no need to remand the case for additional factual findings.  <u>McCartey v. Massanari</u>, 298 F.3d 1072, 1076 (9th Cir. 2002); <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1210 (9th Cir. 2001). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits."  <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004); <u>Moisa</u>, 367 F.3d at 887.

"When an 'ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony,' [this Court] remand[s] for calculation of benefits."  <u>Orn</u>, 495 F.3d at 640 (quoting <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003)); <u>Lingenfelter</u>, 504 F.3d at 1041.  Here, vocational expert Troy Scott testified that if plaintiff's testimony was credited, it is clear plaintiff could not perform any work in the national economy (Step Five).  A.R. 48. Therefore, plaintiff should be awarded both Title II and SSI

//
//

disability benefits.[7]  See Lingenfelter, 504 F.3d at 1035, 1041 ("[T]he vocational expert's testimony that sufficient jobs did not exist for a person with the limitations testified to by [the claimant] required a finding at step five that [the claimant] was disabled during the relevant time period.").

**ORDER**

IT IS ORDERED that plaintiff's request for relief is granted, and the Commissioner shall award plaintiff Gregory Nobles disability benefits under both Title II and SSI, 42 U.S.C. §§ 423, 1382(a).

DATE:  August 24, 2010                /S/ ROSALYN M. CHAPMAN
                                      ROSALYN M. CHAPMAN
                                      UNITED STATES MAGISTRATE JUDGE

---

[7]  Having reached this conclusion, it is unnecessary to address plaintiff's other claims.

R&R-MDO\09-1543.mdo
8/24/10

10